```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

FELIPE MOJICA RAMOS,

    Petitioner,

v.                                        Case No. 2:26-cv-32-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH, ALLIGATOR ALCATRAZ,
MIAMI FIELD OFFICE DIRECTOR,
IMMIGRATION AND CUSTOMS
ENFORCEMENT'S ENFORCEMENT AND
REMOVAL OPERATIONS, ACTING
DIRECTOR OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,
SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,
TRANSPORTATION SECURITY
ADMINISTRATION, UNITED STATES
ATTORNEY GENERAL and EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW,

    Respondents.
_____/

**OPINION AND ORDER**

    Before the Court are Felipe Mojica Ramos's petition for writ of habeas corpus (Doc. 1) and the Government's response. (Doc. 9). For the following reasons, the petition is granted to the extent set forth in this order.

**I.    Background**

    Mojico Romas is a Mexican citizen. (Doc. 1 at 5). He entered the United States on September 28, 1998. (Id. at 13). In 2020, Mojica Ramos's wife properly filed a visa petition on his behalf, which was approved in 2023. (Id. at 14). He has been in

immigration detention since approximately December 5, 2025 when he was arrested after a traffic stop. (Id. at 13). He is currently detained at the Florida Soft Side South Facility (Alligator Alcatraz). (Id.) Mojico Romas has a wife and child who are United States citizens. (Id. at 14). Mojico Romas has had no encounters with law enforcement outside of minor traffic citations. (Id.) He is being held under 8 U.S.C. § 1225(b)(2). (Doc. 9 at 2.)

## II. Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Mojico Romas. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Among other things, Mojico Romas asks the Court to order Respondents to either release him or provide a prompt bond hearing. (Doc. 1 at 17).

Respondents argue that: (1) 8 U.S.C. §§ 1252(g) and (b)(9) strip the Court of jurisdiction over Mojico Romas's claims; (2) Mojico Romas failed to exhaust available administrative remedies; and (3) Mojico Romas is properly detained under § 1225 and is not eligible for a bond hearing. (Doc. 9 at 2–5).

The Court has rejected identical arguments in recent cases presenting the same issues. See Cetino v. Hardin, No. 2:25-cv-

2

1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Mojico Romas's detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Mojico Romas is entitled to the statutory process under § 1226(a), which includes a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases before this Court, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Mojica Ramos to mandatory detention under § 1225(b)(1) is unlawful. If the

3

respondents are unable to ensure Mojica Ramos receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby **ORDERED**:

1. Felipe Mojica Ramos's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Within **TEN (10) DAYS**, Respondents shall provide Mojico Romas with the statutory process required under § 1226, which includes a bond hearing.

3. If Respondents release Mojico Romas, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[1]

**DONE AND ORDERED** in Fort Myers, Florida on January 26, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). The parties have briefed the Court on this issued. (Doc. 10; Doc. 11). But no final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.